IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO AGOSTINI, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-01666 |
| v. | : | |
| | : | (Judge Kane) |
| WILLIAM MIDLICK, | : | |
|     Defendant | : | |

**MEMORANDUM**

On August 22, 2018, the Court received and docketed a complaint filed by pro se Plaintiff Mario Agostini ("Plaintiff"), pursuant to 28 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis. (Doc. Nos. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint prior to service.

**I.   BACKGROUND**

Plaintiff, currently confined at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed the instant civil action against William Midlick ("Defendant Midlick"), a kitchen/food manager at SCI-Dallas. (Doc. No. 1 at 2, 5). Plaintiff alleges that on September 20, 2016, he requested a roll of toilet paper from Mrs. Moss ("Mrs. Moss"), who is not named as a defendant, and entered a restroom with a roll of toilet paper. (Id. at 5, 12.) Plaintiff claims that he noticed there were already three rolls of toilet paper in the restroom, and, therefore, returned the extra rolls of toilet paper to Mrs. Moss, leaving one roll in the restroom. (Id. at 12.) Mrs. Moss handed Plaintiff a roll of toilet paper, instructing him to return it to the restroom. (Id.)

At this time, Defendant Midlick allegedly exited an office while yelling and cursing at Plaintiff. (Id.) Plaintiff avers that Defendant Midlick then took a roll of toilet paper and threw it at Plaintiff, striking him in the chest. (Id.) Plaintiff claims that Defendant Midlick threatened to

issue Plaintiff a misconduct if he did not return the toilet paper Defendant Midlick had just thrown to the restroom. (Id. at 12, 13.) A lieutenant, who is not a named defendant, then instructed Plaintiff to return to his housing unit. (Id. at 13.) Plaintiff claims that Defendant Midlick throwing a roll of toilet paper at him constitutes cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights. (Id. at 19.) Additionally, Plaintiff alleges that he suffers from, inter alia, "severe emotional distress" and a "[p]aralyzing fear" because Defendant Midlick threw the roll of toilet paper at him, as well as a loss of the enjoyment of life, thus seeking one hundred thousand dollars in damages. (Id. at 22-24.)

## II.     LEGAL STANDARD

### A.     Screening of Plaintiff's Complaint

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. Id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [S]ection 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6)

motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

      **B.**      **Claims Filed Pursuant to 42 U.S.C. § 1983**

In order to state a viable claim under § 1983, a plaintiff must plead (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., No. 3:cv-08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).

Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). Therefore, supervisors cannot be liable under § 1983 on the traditional standard of respondeat superior. Santiago, 629 F.3d at 128. Instead, there are two theories of supervisory liability that are applicable to § 1983 claims: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the

4

plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

Plaintiff claims that Defendant Midlick violated his Eighth Amendment rights when he threw a roll of toilet paper at him, hitting him in the chest. (Doc. No. 1 at 2.) To support a proper Eighth Amendment claim, the incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." Chavis v. United States, 597 F. App'x 38, 41 (3d Cir. 2014) (quoting Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997)). Punishment is cruel and unusual under the Eighth Amendment when it inflicts unnecessary and wanton pain, and includes punishment lacking any penological justification. Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

Here, Plaintiff's allegation regarding the de minimis force resulting from being hit by a roll of toilet paper does not give rise to an Eighth Amendment violation, as the Eighth Amendment protects prisoners from the "unnecessary and wanton infliction of pain," Rhodes, 452 U.S. at 346, and not mere actions that stem from common law tort and do not rise to the level of a constitutional action. See Green v. Thoryk, 30. F. Supp. 2d 862, 864 (E.D. Pa. 1998) (dismissing complaint after screening a claim that a correctional officer threw a bar of soap at prisoner because such an allegation does not rise to the level of an Eighth Amendment violation); Zavala v. Barik, 545 F. Supp. 2d 1051, 1060 (C.D. Cal. 2008) (dismissing Eighth Amendment

5

claim that defendant threw a roll of toilet paper at plaintiff and hit him in the leg for failure to state a claim upon which relief may be granted).

Moreover, it is clear that Plaintiff does not allege that he has suffered any physical injury. (Doc. No. 1.) Plaintiff's alleged injuries, rather, are purportedly mental or emotional in nature. (Id. at 22-24). However, "[n]o [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted). In order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate a physical injury that is less than significant, but more than de minimis. See 42 U.S.C. § 1997e(e); see also Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003). Here, even if Plaintiff's complaint was sufficient so as to state a constitutional violation, he would be unable to recover the compensatory damages he seeks because he does not alleged that he suffered a physical injury as a result of being hit by a roll of toilet paper. See Rager v. Delbalso, No. 3:15-cv-2343, 2016 WL 2610019, at *2 (M.D. Pa. May 6, 2016).

Additionally, to the extent that Plaintiff alleges that Defendant Midlick verbally abused him, Plaintiff's complaint still fails to set forth a viable claim. See Wright v. O'Hara, Civ. No. 00-1557, 2004 WL 1793018 (E.D. Pa. Aug. 11, 2004) (stating that "[m]ean harassment . . . is insufficient to state a constitutional deprivation"); Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995) (providing that verbal abuse or threats alone are not sufficient to state a constitutional

claim). Accordingly, this claim will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis (Doc. Nos. 2), will be granted. Plaintiff's complaint (Doc. No. 1), will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[1] Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing, the Court finds that affording Plaintiff an opportunity to amend would be futile, and, therefore, the Court will not permit Plaintiff leave to file an amended complaint.